Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
20L0446
St. Clair County
6/5/2020 4:36 PM
9411546

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JIMMY D. HILL, and <br> BARBARA HILL, <br><br> Plaintiffs, <br><br> v. <br><br> COTTRELL, INC., and <br> CAMBARLOC ENGINEERING & <br> MANUFACTURING, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2020-L-0446 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### COUNT I

NOW COMES, the plaintiffs, Jimmy D. Hill, by and through his undersigned attorneys and in support of his cause of action against Cottrell, Inc., states as follows:

1. Plaintiff, Jimmy Hill is an employee of Jack Cooper Transport Company, Inc. (JCT) a Missouri Corporation that regularly loads, works in, and transports materials in and through this venue and State. JCT's headquarters and principal place of business is in Jackson County, Missouri.

2. Cambarloc Engineering & Manufacturing, Inc. ("CEM") is a Missouri corporation which performs maintenance, modification, and repair services on rigs in the JCT fleet including the rig in question.

3. The defendant, Cottrell, Inc., is a corporation organized and existing under the laws of the State of Georgia, and with its principal place of business located in the City of Gainesville, Georgia which regularly does business in this State.

4. On or about June 8, 2018, Plaintiff, Jimmy Hill, was performing his normal work duties in Illinois as a car hauler for his employer. At that time, Plaintiff was operating a rig believed to have been manufactured by the Defendant, Cottrell, Inc. Pursuant to his duties, Plaintiff was injured during the operation of the ratchet tie down system while using the product in an intended or foreseeable fashion. The defendant, Cottrell, Inc., is believed to have designed, distributed, and/or sold the rig in issue including the ratchet tie down systems, and any replacement/modification parts in the ratchet area in issue.

5. The rig was operated, distributed, leased, and placed into the stream of commerce by Defendant, which profited from the sale of the rig. Defendant was in a position to make the rig safe. Defendant also refurbished JCT rigs and may have refurbished the rig after the initial sale. Defendant also designed and supplied the wider flipper near the ratchet in issue.

6. At all times relevant herein, the aforesaid rig was in substantially the same condition as when it left the control of the defendant. Any modifications were foreseeable or expected by Defendant.

7. The defendant placed the aforesaid rigs into the stream of commerce as part of its regular business activity for ultimate use in this State.

8. At the time of its manufacture and at all times mentioned herein, the aforementioned rig was defective and not reasonably safe in one or more of the following respects, to-wit:

    (a) the rig lacked reasonably safe tie down designs;

    (b) the rig was supplied with idlers and ratchet systems incapable of preventing chain slippage, sudden releasing, and/or snagging inherent in the foreseeable use of the rig;

    (c) the rig lacked adequate warnings to sufficiently warn Plaintiff and others

        similarly situated that the ratchets and chains supplied with the rig would subject users to an unreasonable risk of injury during reasonably foreseeable use and/or expected use of the rigs.

(d) the rig lacked adequate warnings to sufficiently warn Plaintiff and others similarly situated of one or more of the defects herein;

(e) the rig was not accompanied by a non-manual vehicle securement system, reduced gear ratchet, cables straps, wheel chocks or wheel clamps;

(f) the rig was equipped with tie downs which commonly and suddenly released, and which required extremely high and unsafe manual force levels to operate;

(g) the rig was modified with Cottrell's approval/authorization/design to install a wider flipper that interfered with the ratchet use.

9. As a direct and proximate result of the aforesaid, Plaintiff, while attempting to perform his normal work activities in intended and/or foreseeable fashions by operating the vehicle securement system and using the normal procedures by which he was trained, sustained severe and permanent injuries to his left hand, arm, and related areas while exerting required and/or foreseeable force and pressure on the ratchet system. Plaintiff has suffered and will continue to suffer pain and mental anguish. Plaintiff's injuries are disfiguring and are permanent in nature. Plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future. Plaintiff has sustained wage and benefit loss and has been damaged in his capacity to earn wages and benefits in the future. Plaintiff's condition is such that he may be forced to expend sums of money for vocational rehabilitation and/or convalescent care. Based on the above, Plaintiff requests damages, which will fairly and reasonably compensate Plaintiff for his injuries suffered and damages incurred.

WHEREFORE, Plaintiff prays for a judgment against Defendant for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of this suit.

## COUNT II

NOW COMES, the plaintiff, Jimmy Hill, by and through his undersigned attorneys and in support of his cause of action against Cottrell, Inc., states as follows:

1-7. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-7 of Count I as Paragraphs 1-7 of this Count.

8. That based upon the foregoing, defendant owed a duty to plaintiff and others similarly situated to design, lease, distribute, supply, refurbish, test and manufacture rig, and modifications thereto with due care for the safety of Plaintiff and others similarly situated.

9. That in violation of the aforesaid duty, Defendant, committed one or more of the following negligent acts or omissions, to-wit:

(a) failed to review and analyze available injury and testing data available to defendant and the industry;

(b) failed to adequately test the rigs to ascertain whether the vehicle securement systems on the rigs were reasonably safe for use during the foreseeable and/or intended use of the rig;

(c) failed to modify the design in a safe fashion when Defendant knew or should have known that the ratchets were causing excessive numbers of injuries to users;

(d) failed to supply adequate warnings to sufficiently warn Plaintiff and others similarly situated;

(e) failed to supply rigs with alternative vehicle securement systems including hydraulic, straps, cables, gear reduction, wheel clamps, cables, electric or pneumatics;

(f) failed to test, or allow for the use of alternative securement systems including non-manual systems;

(g) failed to approve for use alternative vehicle securement systems;

(h) failed to supply the rig with a non-manual system, which would allow Plaintiff to perform the tie-down operation in a safe manner;

    (i)    destroyed or allowed for the destruction of injury data and/or industry reports and patents;

    (j)    designed, supplied, distributed, and/or approved the flipper modification that interfered with the ratchet at issue.

10.    Plaintiff repeats, realleges and incorporates herein by reference Paragraph 9 of Count I as Paragraph 10 of this Count.

WHEREFORE, Plaintiff prays for a judgment against Defendant for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of this suit.

## COUNT III

NOW COMES, the plaintiff, Jimmy Hill, by and through his undersigned attorneys, and in support of his cause of action against Cottrell, Inc., states as follows:

1-7.    Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-7 of Count I as Paragraphs 1-7 of this Count.

8.    That at all times relevant hereto, the defendant impliedly warranted that the rig in question was reasonably safe for intended and/or foreseeable uses.

9.    That in breach of the aforesaid implied warranty, Defendant placed into the stream of commerce rigs which contained one or more of the following unreasonably dangerous conditions, to-wit:

    (a)    the rig lacked reasonably safe tie down designs;

    (b)    the rig was supplied with idlers and ratchet systems incapable of preventing chain slippage, sudden releasing, and/or snagging inherent in the foreseeable use of the rig;

    (c)    the rig lacked adequate warnings to sufficiently warn Plaintiff and others similarly situated that the ratchets and chains supplied with the rig would subject users to an unreasonable risk of injury during reasonably foreseeable use and/or expected use of the rigs.

    (d)    he rig lacked adequate warnings to sufficiently warn Plaintiff and others

        similarly situated of one or more of the defects herein;

(e) the rig was not accompanied by a non-manual vehicle securement system, reduced gear ratchet, cables straps, wheel chocks or wheel clamps;

(f) the rig was equipped with tie downs which commonly and suddenly released, and which required extremely high and unsafe manual force levels to operate;

(g) the rig was modified with Cottrell's approval/authorization/design to install a wider flipper that interfered with the ratchet use.

10. Plaintiff repeats, realleges and incorporates herein by reference Paragraph 9 of Count I as Paragraph 10 of this Count.

WHEREFORE, Plaintiff prays for a judgment against Defendant for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of this suit.

## COUNT IV

NOW COMES, the plaintiff, Jimmy Hill, by and through his undersigned attorneys, and in support of his cause of action against Cottrell, Inc., states as follows:

1-8. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 1-8 of Count I as Paragraphs 1-8 of this Count.

9-10. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 8-9 of Count II as Paragraphs 9-10 of this Count.

11-12. Plaintiff repeats, realleges and incorporates herein by reference Paragraphs 8-9 of Count III as Paragraph 11-12 of this Count.

13. Defendant Cottrell, Inc. was aware that Plaintiff and others similarly situated were exposed to unreasonable risks of severe bodily injury in the use of the vehicle securement systems owing to one or more of the unsafe conditions described in Counts I-III above. In that regard, Cottrell was aware of many prior instances where others were injured during the use of

said systems including incidents where others had sued defendant claiming severe injuries while performing tasks similar to the plaintiff herein.

14. Notwithstanding the above and in conscious disregard of the known risks to which Plaintiff and others similarly situated were subjected, defendant Cottrell failed to safely modify the vehicle securement systems design, supplied a Flipper add on that increased th dangers associated with the ratchets, continued to provide unreasonably dangerous and defective vehicle securement systems, and failed to provide good and sufficient warnings or instructions with regards to the dangers inherent in the use of the securement systems with the aforesaid conditions contained therein. Such actions and inactions by the defendant were motivated by Defendant's desire to increase profits and decrease costs. As such Defendant placed profits above the safety of the users of the above described vehicle securement system, including the plaintiff and therefore punitive or exemplary damages are warranted against the defendant in order to punish said defendant and/or to deter such conduct in the future.

15. Plaintiff repeats, realleges and incorporates herein by reference Paragraph 9 of Count I as Paragraph 15 of this Count.

WHEREFORE, Plaintiff pray for a judgment against Defendant in his favor for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory damages and for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in exemplary or punitive damages and for costs of suit.

### COUNT V

NOW COMES, the plaintiff, Jimmy Hill, by and through his undersigned attorneys, and in support of his cause of action against CEM, states as follows:

1. Defendant, CEM is a Missouri corporation. Defendant employs and trains mechanics to maintain, inspect and repair JCT fleet trailers including the trailer in questions.

2. On and before June 8, 2018, the plaintiff was employed by defendant Jack Cooper Transport Company, Inc. as a car hauler.

3. On or about June 8, 2018 Plaintiff was injured during the operation of a ratchet tie down system on a rig CEM had maintained and/or modified while Plaintiff used such rig in intended or foreseeable fashion pursuant to his job duties.

4. At all times material hereto, Defendant owed a duty to Plaintiff and others similarly situated to inspect, maintain, modify, and repair trailers in the JCT fleet with due regard for the safety of the users of those trailers.

5. That in violation of the aforesaid duty, Defendant committed one or more of the following negligent acts or omissions, to-wit:

   (a) failed to review and analyze available injury and testing data available to defendant and the industry;

   (b) failed to adequately test the rigs to ascertain whether the vehicle securement systems on the rigs were reasonably safe for use during the foreseeable and/or intended use of the rig;

   (c) failed to alter the design when Defendant knew or should have known that the ratchets and/or larger flippers were causing excessive numbers of injuries to users;

   (d) failed to supply adequate warnings to sufficiently warn Plaintiff and others similarly situated;

   (e) failed to supply alternative vehicle securement systems including hydraulic, straps, cables, gear reduction, wheel clamps, larger spools cables, electric or pneumatics;

   (f) failed to install alternative securement systems including non-manual systems;

   (g) failed to properly inspect the vehicle securement systems;

(h) failed to properly maintain the vehicle securement systems to allow Plaintiff to perform the tie-down operation in a safe manner;

(i) failed to properly train its employees and supervisors and share with them the excessive number of injuries associated with the product in issue;

(j) failed to access industry reports and injury data and/or share such with its mechanic/supervisor employees:

(k) destroyed or allowed for the destruction of injury data and/or industry reports and patents;

(l) modified the flipper or installed the modified flipper, such that it interfered with the ratchet use;

(m) failed to follow Cottrell guidelines, and/or instructions when installing larger flippers.

6. That as a direct and proximate result of the aforesaid, plaintiff, while attempting to perform his normal work activities in intended and/or foreseeable fashions by operating the vehicle securement systems and using the normal procedures by which he was trained, sustained severe and permanent injuries to his left hand, arm, and related areas while exerting required and/or foreseeable force and pressure on the ratchet systems. Plaintiff has suffered and will continue to suffer pain and mental anguish. Plaintiff's injuries are disfiguring and are permanent in nature. Plaintiff has been required to expend large sums of money in order to obtain medical treatment for his injuries and will be required to expend additional sums in the future. Plaintiff has sustained wage and benefit loss and has been damaged in his capacity to earn wages and benefits in the future. Plaintiff's condition is such that he may be forced to expend sums of money for vocational rehabilitation and/or convalescent care. Based on the above, Plaintiff requests damages, which will fairly and reasonably compensate the plaintiff for his injuries suffered and damages incurred.

WHEREFORE, Plaintiff prays for a judgment against Defendant CEM for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of this suit.

## COUNT VI

NOW COMES, the plaintiff, Barbara Hill, by and through her undersigned attorneys, and in support of her cause of action against all defendants, state as follows:

1. Plaintiff repeats all allegations of all prior Counts.

2. That at all times relevant hereto the plaintiff, Barbara Hill, was and continues to be the spouse of the plaintiff, Jimmy Hill. In that capacity Barbara Hill has been and continues to be dependant upon Jimmy Hill for her support and services.

3. That based upon the aforementioned acts, the plaintiff, Barbara Hill, has been deprived of the support and services of her husband and has been unjustly exposed to the potential for financial ruin.

WHEREFORE, Plaintiff prays for judgments against each Defendant for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and for costs of this suit.

Respectfully Submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/ Brian M. Wendler
Brian M. Wendler, #6196124
Angie M. Zinzilieta, #6322894
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
wendlerlawpc@gmail.com
*Attorneys for Plaintiffs*