IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GARY ELLENBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2018-L-0681 |
| ) | |
| NAVISTAR INC. a/k/a International ) | |
| Harvester and Cottrell, Inc. ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

### Count I

NOW COMES the plaintiff by and through his undersigned attorneys and for his cause of action against the defendant, Navistar Inc. a/k/a International Harvester ("Navistar"), states as follows:

1. That at all times relevant hereto the plaintiff was a resident and citizen of Ohio who was injured in Illinois while using a product manufactured, distributed and/or placed in its stream of commerce by defendant.

2. That the defendant, Navistar, is a Delaware corporation with its principal place of business and home located in Illinois. Defendant regularly does business in and/or advertises its services and products for sale in St. Clair County, Illinois.

3. That on or about July 5, 2017 the plaintiff was operating a Navistar rig in Illinois when he sustained his injuries in question. The Navistar rig was manufactured, designed, placed into the stream of commerce, distributed, sold and supplied by Navistar and Cottrell, Inc. as part of

1
Case No. 18-L-681

Cottrell Ex. 1

PLAINTIFF'S EXHIBIT A

the regular business practice for profit and for use in Illinois including St. Clair County.

4. That the defendant placed into the stream of commerce the Navistar/International tractor for use with auto transport trailers and head racks will full knowledge that said tractor would be used in such capacity. Plaintiff was using said tractor at the time of his injuries in question.

5. That based upon the above, the defendant owed a duty to plaintiff and others similarly situated to design, manufacture, sell, distribute and market tractors which were reasonably safe for their intended and/or foreseeable uses.

6. That in violation of the aforesaid duty the defendant supplied a tractor that was unreasonably dangerous and unsafe in one or more of the following respects:

(a) The tractor was too high in profile to be safely used in conjunction with auto transport head racks;

(b) The tractor was not supplied with adequate warnings to advise plaintiff and others similarly situated of the dangers inherent in the use of the tractor in conjunction with auto transport head racks.

7. That as a direct and proximate result of the aforesaid, the plaintiff was injured on July 5, 2017 while using the aforesaid Navistar truck in Illinois when he was attempting to tighten a strap on a head rack on the Navistar truck. The tightening of the strap was necessitated by the height of the tractor as plaintiff was required to reduce the load height to comply with legal height limitations.

8. That as a further and proximate result of the aforesaid plaintiff sustained severe and permanent injuries to his right shoulder and related areas including nerve damage. Said injury caused severe pain and mental anguish which is likely to continue into the future. Plaintiff's

2
Case No. 18-L-681

injuries are such that he has undergone medical treatment for his injuries and is likely to undergo future medical treatment all to his great expense. Plaintiff has been impaired in his earning capacity, has lost income from his regular employment and is likely to lose income and employment benefits into the future as a result of his injuries.

WHEREFORE, plaintiff prays for a judgment in his favor for an amount in excess of $50,000.00 and for costs of this action.

## Count II

NOW COMES the plaintiff by and through his undersigned attorneys and for his cause of action against the defendant, Navistar Inc. a/k/a International Harvester ("Navistar"), states as follows:

1-4. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-4 of Count I as paragraphs 1-4 of this count.

5. That based upon the above the defendant owed a duty to plaintiff and others similarly situated to design a safe product, refrain from selling a product that would be used by other companies in an unsafe fashion and/or to warn users of the product of the dangers inherent in the use of defendant's product when used in intended, foreseeable and/or anticipated fashion.

6. That in violation of the aforesaid duty, the defendant committed one or more of the following negligent acts or omissions:

(a) Failed to design a truck cab that was reasonably safe for

use in conjunction with auto transport head racks insofar as the truck cab was too high in profile;

(b) Failed to warn plaintiff and others similarly situated of the dangers inherent in the use of defendant's truck when

used in conjunction with auto transport head racks;

(c) Failed to inform the head rack manufacturer/supplier/purchaser that the truck was not reasonably safe for use with auto transport head racks when it promoted the truck for sale for such purpose.

7-8. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7-8 of Count I as paragraphs 7-8 of this count.

WHEREFORE, plaintiff prays for a judgment in his favor for an amount in excess of $50,000.00 and for costs of this action.

### **Count III**

NOW COMES the plaintiff by and through his undersigned attorneys and for his cause of action against the defendant, Navistar Inc. a/k/a International Harvester ("Navistar"), states as follows:

1-4. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-4 of Count I as paragraphs 1-4 of this count.

5. That defendant sold the truck in question specifically for use with an auto transport head rack when it marketed and/or sold the truck to Jack Cooper Transport Company and/or to Cottrell, Inc. Defendant thereby implicitly or expressly warranted that the truck was reasonably safe for use with auto transport head racks. Plaintiff does not have access to or a copy of the written contract relating to such sale.

6. That in breach of the aforesaid warranty, the defendant supplied a truck that was not reasonably safe for auto transport head racks in one or more of the following respects:

(a) The tractor was too high in profile to be safely used in conjunction with auto transport head racks;

    (b)    The tractor was not supplied with adequate warnings to advise plaintiff and others similarly situated of the dangers inherent in the use of the tractor in conjunction with auto transport head racks;

    (c)    The tractor was not supplied with adequate instructions to advise plaintiff and others similarly situated of the proper method of utilizing the tractor in conjunction with auto transport head racks.

7-8. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7-8 of Count I as paragraphs 7-8 of this count.

WHEREFORE, plaintiff prays for a judgment in his favor for an amount in excess of $50,000.00 and for costs of this action.

### Count IV

NOW COMES the plaintiff, Gary Ellenberger, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell Inc. ("Cottrell"), states as follows:

1-3. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-3 of Count I as paragraphs 1-3 of this count.

4. That the defendant, Cottrell, is a Georgia corporation with its principal place of business located in Gainesville, Georgia. Cottrell does business in Illinois and regularly supplies auto transport trailers and head racks for sale and use in Illinois for profit as part of its regular business activities. Defendant supplied said head rack in conjunction with a Navistar tractor in issue for use with hauling automobiles including pickup trucks.

5. That based upon the above, defendant owed a duty to supply head racks and trailers for auto transport that were not unreasonably dangerous, defective or unsafe.

6. That in violation of the aforesaid duty, defendant supplied the head rack in question that was unsafe, defective and/or unreasonably dangerous in one or more of the following respects:

(a) The head rack in conjunction with the tractor was excessively high such that pickup trucks could not be properly or safely loaded within legal height limits unless drivers use excessive force to tie down the vehicles on the head rack;

(b) The head rack was not supplied with tie down devices that did not require excessive force for use in conjunction with pickup trucks;

(c) The head rack was not supplied with adequate warnings or instructions to advise plaintiff and others similarly situated how to operate the head rack and vehicle securement systems to avoid application of excessive force and/or avoid injuries;

(d) The head rack was not supplied with a tie down system that had a reduced gear ratio, hydraulic, pneumatic, electric or other non-manual securement system;

(e) The head rack was not supplied and/or designed in such a fashion that high vehicles such as pickup trucks could not be loaded in the B-1 position.

7-8. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7-8 of Count I as paragraphs 7-8 of this count.

WHEREFORE, plaintiff prays for a judgment in his favor for an amount in excess of $50,000.00 and for costs of this action.

## Count V

NOW COMES the plaintiff, Gary Ellenberger, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell Inc. ("Cottrell"), states as follows:

Case No. 18-L-681

1-4 Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-4 of Count IV as paragraphs 1-4 of this count.

5. That based upon the above, the defendant owed a duty to plaintiff and others similarly situated to properly test, design, manufacture, sell and distribute head racks and rigs that were not unreasonably dangerous and unsafe for use in designed, intended and/or foreseeable uses.

6. That in violation of the aforesaid duty, the defendant committed one or more of the following negligent acts and/or omissions:

(a) Failed to design the head rack with reasonably safe vehicle securement systems;

(b) Failed to design the head rack so that it could be used in conjunction with the Navistar tractor without requiring excessive force for drivers to secure pickup trucks on said head rack;

(c) Failed to consider and review the available industry reports which are critical of vehicle securement systems that require excessive force as such industry reports relate to vehicle securement systems on automobile transport trailers;

(d) Failed to consider, review and analyze through its in-house employees the injury reports available to Cottrell from its major fleet customers such as Cassens Transport Company, a Jack Cooper Transport Company, Allied Systems and others;

(f) Failed to warn plaintiff and others similarly situated of proper methods of securing vehicles and loading vehicles on Cottrell head racks used in conjunction with Navistar trucks;

(g) Failed to advise Jack Cooper Transport Company and/or Navistar of the height requirements for tractors used in conjunction with Cottrell rigs and/or for use in conjunction with securing pickup trucks

7
Case No. 18-L-681

on said head racks;

(h) Failed to select a tractor or recommend a tractor that was not too tall in profile for the attachment with its head rack and trailer.

7-8. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7-8 of Count I as paragraphs 7-8 of this count.

WHEREFORE, plaintiff prays for a judgment in his favor for an amount in excess of $50,000.00 and for costs of this action.

### Count VI

NOW COMES the plaintiff, Gary Ellenberger, by and through his undersigned attorneys, and for his cause of action against the defendant, Cottrell Inc. ("Cottrell"), states as follows:

1-4. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-4 of Count IV as paragraphs 1-4 of this count.

5. That based upon the above, the defendant implicitly or expressly warranted that the head rack in question was reasonably safe for its intended and/or foreseeable uses, including for use in conjunction with Navistar tractors and for transporting pickup trucks on said head rack.

6. That in breach of the aforesaid warranty the defendant supplied a head rack and rig that was unreasonably dangerous and unsafe in one or more of the following respects:

(a) The head rack in conjunction with the tractor was excessively high such that pickup trucks could not be properly or safely loaded within legal height limits unless drivers use excessive force to tie down the vehicles on the head rack;

(b) The head rack was not supplied with tie down devices that did not require excessive force for use in conjunction with pickup trucks;

(c) The head rack was not supplied with adequate warnings

8

Case No. 18-L-681

or instructions to advise plaintiff and others similarly situated how to operate the head rack and vehicle securement systems to avoid application of excessive force and/or avoid injuries;

(d) The head rack was not supplied with a tie down system that had a reduced gear ratio, hydraulic, pneumatic, electric or other non-manual securement system;

(e) The head rack was not supplied and/or designed in such a fashion that high vehicles such as pickup trucks could not be loaded in the B-1 position.

7-8. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7-8 of Count I as paragraphs 7-8 of this count.

WHEREFORE, plaintiff prays for a judgment in his favor for an amount in excess of $50,000.00 and for costs of this action.

Respectfully Submitted,

**WENDLER LAW, P.C.**

By: *Brian M. Wendler*
Brian M. Wendler #6196124
Angie M. Zinzilieta #6322894
Paul E.H. Rademacher #6324529
900 Hillsboro Ave., Suite 10
Edwardsville, IL 62025
Phone: (618) 692-0011
Fax: (618) 692-0022
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent via electronic mail on __17th__ of December 2018, to the following parties:

DONOHUE BROWN MATHEWSON & SMYTH LLC
James D. Sloan – ARDC #06256682
Bradley E. Puklin – ARDC #06309950
140 South Dearborn Street, Suite 800

Chicago, IL 60603
Ph: (312) 422-0900
service@dbmslaw.com
sloan@dbmslaw.com
puklin@dbmslaw.com

*Harley Kohlbrech*

 **Gmail**     Brian Wendler <wendlerlawpc@gmail.com>

## RE: Ellenberger v International Harvestor

**James Sloan** <sloan@dbmslaw.com>     Fri, Dec 14, 2018 at 3:37 PM
To: "Wendler Law, P.C." <wendlerlawpc@gmail.com>
Cc: Brad Puklin <puklin@dbmslaw.com>, Brian Wendler <brianmwendler@gmail.com>, Misty Davies <davies@dbmslaw.com>, "LChmielewski@polsinelli.com" <LChmielewski@polsinelli.com>

Brian,

You don't need to file a motion for leave to file the amended complaint as far as I'm concerned.

-Jim

Jim Sloan

Donohue Brown Mathewson & Smyth LLC

140 S. Dearborn Street, Suite 800

Chicago, IL 60603

312.422.0923 phone

312.422.0909 fax

**From:** Wendler Law, P.C. <wendlerlawpc@gmail.com>
**Sent:** Friday, December 14, 2018 3:03 PM
**To:** James Sloan <sloan@DBMSLAW.COM>
**Cc:** Brad Puklin <puklin@dbmslaw.com>; Brian Wendler <brianmwendler@gmail.com>; Misty Davies <davies@dbmslaw.com>; LChmielewski@polsinelli.com
**Subject:** Re: Ellenberger v International Harvestor

Jim and Brad,

I need to file an amended Complaint to join Cottrell, Inc., the trailer manufacturer into the case. I won't change anything as to your client. DO I need to file a motion on this or will you consent so I can get this done without the need for a hearing. The proposed amended complaint is attached.

Brian Wendler


PLAINTIFF'S EXHIBIT B

# Wendler Law, P.C.

900 Hillsboro • Suite 10 • Edwardsville, Illinois 62025
Ph: 618.692.0011 • Fx: 618.692.0022 • Cell: 618.789.2002
e-mail: wendlerlawpc@gmail.com

| Brian M. Wendler | Angie M. Zinzilieta | Paul E.H. Rademacher |
|---|---|---|
| *Licensed in Illinois and Missouri* | *Licensed in Illinois and Missouri* | *Licensed in Illinois and Missouri* |

February 4, 2019

Hall County Sheriff's Office
Attn: Civil Division
225 Green St.
Gainesville, GA 30501-3717

  **Re: Ellenberger v. Cottrell**

Dear Sir/Madam,

  Enclosed, please, a check for $50.00 to the Hall County Sheriff's Office along with two copies of the Summons and one copy of the complaint, to be served to:

  Cottrell, Inc.
  c/o Melanie Stone
  2125 Candler Rd.
  Gainesville, GA 30507

  Please call me if you have any questions or concerns. You may send the return back to our office in the enclosed pre-paid postage envelope.

            Sincerely,

            *Brian M. Wendler*

            Brian M. Wendler

BMW/klnl
Enclosures



Electronically Filed
Kahalah A. Clay
Circuit Clerk
RACHEL MENDEZ
18L0681
St. Clair County
12/17/2018 2:59 PM
3236577

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GARY ELLENBERGER, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. 2018-L-0681 |
| NAVISTAR INC. a/k/a International Harvester and Cottrell, Inc. | ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW COMES the plaintiff, by and through his undersigned counsel, and submits the following as his Unopposed Motion for Leave to File Amended Complaint:

1. That in this action, Plaintiff has identified Cottrell, Inc., as the supplier of the head rack involved in the incident in question.

2. That Plaintiff seeks to join that company into this lawsuit via Amended Complaint. *See* Exhibit A.

3. That the defendant, Navistar, has no objection to this motion.

WHEREFORE Plaintiff prays for an Order granting Plaintiff leave to file the attached Amended Complaint with summons to issue to Cottrell, Inc., and for such other and further relief as deemed just.

Respectfully Submitted,

**WENDLER LAW, P.C.**

By: *Brian M. Wendler*
Brian M. Wendler #06196124
Angie Zinzilieta #6322894
Paul Rademacher #6324529
900 Hillsboro, Suite 10

No: 18-L-681
Page 1 of 2

Edwardsville, IL 62025<br>
Ph: (618) 692-0011<br>
Fax: (618) 692-0022<br>
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent via electronic mail on __17th__ of December 2018, to the following parties:

DONOHUE BROWN MATHEWSON & SMYTH LLC
James D. Sloan – ARDC #06256682
Bradley E. Puklin – ARDC #06309950
140 South Dearborn Street, Suite 800
Chicago, IL 60603
Ph: (312) 422-0900
service@dbmslaw.com
sloan@dbmslaw.com
puklin@dbmslaw.com

*/s/ Harley Kohlbrecher*