IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMY D. HILL and
BARBARA HILL,
Plaintiffs,

v.

COTTRELL, INC. and
CAMBARLOC ENGINEERING &
MANUFACTURING, INC.,
Defendants.

Case No. 20–CV–00909–JPG

## MEMORANDUM & ORDER

This is a products-liability case. Before the Court are Plaintiffs Jimmy and Barbara Hill's

Motion to Remand, (ECF No. 21); Defendant Cottrell, Inc's Motion to Dismiss, (ECF No. 26);

and Defendant Cambarloc Engineering & Manufacturing, Inc.'s Motion to Dismiss, (ECF No. 28).

For the reasons below, the Court:

- **GRANTS** the plaintiffs' Motion to Remand;
- **ORDERS** the plaintiffs to pay the defendants' attorney fees and costs; and
- **REMANDS** to Illinois's Twentieth Judicial Circuit Court.

## I.   PROCEDURAL & FACTUAL HISTORY

In June 2018, Jimmy was working for a Missouri corporation as a car hauler. His work

took him to Illinois using a rig manufactured by Cottrell. (Compl. at 2, ECF No. 1-2). The rig was

owned by Jimmy's employer but maintained and repaired by Cambarloc. (*Id.*). Unfortunately,

Jimmy was injured because of a supposed defect in the rig's "rachet tie down system"; and he is

now permanently disfigured. (*Id.* at 2–3).

In 2020, Jimmy and his wife, Barbara, sued Cottrell and Cambarloc in the Twentieth Judicial Circuit Court in St. Clair County, Illinois. (*Id.* at 1). They raised the following state-law claims:

- Count I (Jimmy v. Cottrell): Strict Liability (Design Defect)

- Count II (Jimmy v. Cottrell): Negligence

- Count III (Jimmy v. Cottrell): Breach of Contract (Implied Warranty)

- Count IV (Jimmy v. Cottrell): Strict Liability (Abnormally Dangerous Activity)

- Count V (Jimmy v. Cambarloc): Negligence

- Count VI (Barbara v. Cottrell and Cambarloc): Loss of Consortium

(*Id.* at 1–10).

The Complaint did not allege the plaintiffs' citizenship. It did, however, state that Cottrell is a Georgia corporation with a principal place of business in that State; and that Cambarloc is a Missouri corporation with a principal place of business in that State. (*See id.* at 1).

Cottrell sought clarification of the plaintiffs' citizenship while the case was still pending in state court by moving for a more definite statement. (*See* Notice of Removal at 2, ECF No. 1). In response, the plaintiffs still did not state their citizenship yet suggested that "***they are not***" "residents and citizens of Missouri or Georgia." (*Id.*) (emphasis in original). Cottrell sought more clarification by email, but the plaintiffs did not respond. (*Id.* at 2–3). Cottrell then removed the case to this Court based on diversity of citizenship, 28 U.S.C. § 1332. (*Id.* at 1).

Now, the plaintiffs contend that their response to Cottrell's motion for a more definite statement "was in error as both Plaintiffs are and have been since long before this case was filed residents and citizens of Georgia." (Pls.' Mot. to Remand at 1). More specifically, they state that "Plaintiffs' undersigned counsel had confused these plaintiffs with other plaintiffs and mistakenly

indicated they were not residents/citizens of Georgia." (*Id.* at 2). The plaintiffs therefore argue that diversity of citizenship does not exist, requiring remand. (*See id.* at 2).

The defendants then separately moved for dismissal for lack of personal jurisdiction. (Cottrell's Mot. to Dismiss at 1; Cambarloc's Mot. to Dismiss at 1).

## II.   LAW & ANALYSIS

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). "Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Personal jurisdiction, on the other hand, represents a restriction on judicial power as a matter of individual liberty. Therefore, a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority." *Id.* at 584 (internal quotation marks omitted).

With that in mind, subject-matter jurisdiction is not "ever and always the more fundamental. Personal jurisdiction, too, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Id.* at 584 (internal quotation marks omitted). "If personal jurisdiction raises difficult questions of state law, and subject-matter jurisdiction is resolved as easily as personal jurisdiction, a district court will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand." *Id.* at 586 (cleaned up). But when "a district court has before it a straightforward personal jurisdiction

issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id.* at 588; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (noting that district courts are "entitled to entertain a threshold non-merits question, such as personal jurisdiction, at the outset of a case"); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1040 (7th Cir. 2006) ("[T]here is no priority between subject-matter jurisdiction and personal jurisdiction."); *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 n.2 (7th Cir. 2000) ("Though subject-matter jurisdiction generally should be considered before personal jurisdiction, a district court may dismiss for lack of personal jurisdiction without determining whether subject-matter jurisdiction exists.").

Here, both defendants ask the Court to assess personal jurisdiction before subject-matter jurisdiction. Cottrell asserts, "Once the Court determines this motion and finds that personal jurisdiction does not exist as to Cottrell, complete diversity will exist in this Court." (Cottrell's Mot. at 2). Cambarloc likewise urges the Court to consider personal jurisdiction now. (Cambarloc's Mot. at 2). The Court will not.

The Court will consider subject-matter jurisdiction first here because it is easily resolved, while personal jurisdiction will involve complex questions of state law and policy. The plaintiffs say that they are Georgians like Cottrell, thus destroying complete diversity. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806) (holding that diversity jurisdiction requires that all plaintiffs be completely diverse from all defendants). And "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On the other hand, determining personal jurisdiction will require assessing both Federal

*and* Illinois law. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). And an Illinois court is better suited to determine whether "it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *See Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). That is particularly true here, where several states have interests at stake: Missouri, Georgia, and Illinois. Cambarloc and Jimmy's employer are from Missouri; the plaintiffs and Cottrell are from Georgia; and the injury occurred in Illinois. On remand, the state court can determine whether there are "certain minimum contacts" with Illinois "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). *See generally Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, — S. Ct. —, 2021 WL 1132515 (Mar. 25, 2021) (affirming state courts and finding Ford subject to personal jurisdiction in Montana and Minnesota because vehicles malfunctioned there and Ford did substantial business there).

For all that, this case was removed based on a careless error by the plaintiffs' counsel. The plaintiffs must therefore pay the defendants' attorney fees and costs associated with removal and responding to the plaintiffs' Motion to Remand. *See* 28 U.S.C. § 1447(c).

## III.    CONCLUSION

The Court:

- **GRANTS** the plaintiffs' Motion to Remand;
- **ORDERS** the plaintiffs to pay the defendants' attorney fees and costs; and
- **REMANDS** to Illinois's Twentieth Judicial Circuit Court.

**IT IS SO ORDERED.**

**Dated: Friday, March 26, 2021**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**